## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **STEPHEN P. KELLY,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**KAY BURNINGHAM and LAURA A. GADDY,**<br>        **Defendants.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:20-cv-00351-HCN**<br><br>**District Judge Howard C. Nielson, Jr.** |

Before the court is Plaintiff Stephen P. Kelly's ("Mr. Kelly") complaint. The court notes that Mr. Kelly has been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 ("IFP Statute"). Accordingly, the court will review the sufficiency of Mr. Kelly's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends that this action be dismissed with prejudice.

## BACKGROUND

The following background is based upon the court's liberal reading of Mr. Kelly's complaint, which is generally disjointed and contains very few well-pleaded factual allegations. The basis for the complaint is Mr. Kelly's belief that he was fraudulently denied the right to join a class-action lawsuit against the LDS Church for racketeering and corruption claims.[1]

---

[1] *Gaddy v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints*, case no. 2:19-cv-00554-RJS-DBP.

Defendant Laura A. Gaddy ("Ms. Gaddy") is the named-plaintiff in the aforementioned lawsuit and Defendant Kay Burningham ("Ms. Burningham") is Ms. Gaddy's attorney.

Mr. Kelly believes he is entitled to join the lawsuit because "[h]e is similarly situated . . . and obtains the same exact injury and damage as [Ms.] Gaddy."[2] Mr. Kelly describes his injuries as "hearing loud satanic voices," "experiencing existential crises [and] severe anxiety and . . . depression," and "suffer[ing from] severe nightmares consisting of that he was placed into a spiritual realm (HELL)."[3] These injuries "all stem" from one temple visit when Mr. Kelly participated in a baptism-of-the-dead ceremony.[4]

Mr. Kelly then goes on to state that Ms. Gaddy and Ms. Burningham "are . . .attempting to conceal and keep for self, the class action suit, at which all are similarly related, and which are lawfully entitled to relief."[5] Additionally, Mr. Kelly states he "has requested to join the class" but that Ms. Burningham and Ms. Gaddy "falsely and fraudulently" denied his participation.[6]

Based on those general allegations, Mr. Kelly asserts causes of action for unlawful concealment and "fraudulent deprivation of class action."[7] Mr. Kelly requests relief for actual

---

[2] ECF No. ___ at ¶ 4.

[3] *Id*. at ¶ 15.

[4] *Id*. at ¶¶ 14-15.

[5] *Id*. at ¶ 20 (underlined in original).

[6] *Id*. at ¶ 21 (underlined in original).

[7] *Id*. at ¶ 1.

damages suffered in the amount of $300,000 and requests punitive damages in the amount of $500,000.[8]

## LEGAL STANDARDS

On receipt of an IFP application, a magistrate judge may review the complaint and recommend that the action be dismissed pursuant to 28 U.S.C. § 1915(e). DUCivR 3-2(c). Section 1915(e) provides that the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the

---

[8] *Id*. at ¶ 22.

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations

omitted) (alteration in original). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id*. Rule 8 requires, at least, that the

allegations of a complaint put the defendant fairly on notice of the claims against him. *Twombly*,

550 U.S. at 555. The twin purposes of a complaint are to give the opposing party fair notice of

the basis for the claims against him so that he may respond and to allow the court to conclude

that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of

Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

   In analyzing Mr. Kelly's complaint, the court is mindful that he is proceeding pro se and

that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. However, it is not "the proper function of

the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at

1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a

pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188,

1197 (10th Cir. 1989) (per curiam). Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not
> relieve the plaintiff of the burden of alleging sufficient facts on
> which a recognized legal claim could be based. . . . [C]onclusory
> allegations without supporting factual averments are insufficient to
> state a claim on which relief can be based. This is so because a pro
> se plaintiff requires no special legal training to recount the facts

> surrounding his alleged injury, and he must provide such facts if
> the court is to determine whether he makes out a claim on which
> relief can be granted. Moreover, in analyzing the sufficiency of the
> plaintiff's complaint, the court need accept as true only the
> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## ANALYSIS

As noted above, Mr. Kelly asserts causes of action for unlawful concealment and fraudulent deprivation of class action. For the reasons explained below, the court concludes that: (I) Mr. Kelly fails to state claims upon which relief may be granted and (II) amendment of the complaint would be futile. Accordingly, the court recommends dismissal of this action.

### I.      Review of Mr. Kelly's Complaint Under the IFP Statute

Mr. Kelly's claim for unlawful concealment of the lawsuit fails because his complaint fails to include any well-pleaded allegations demonstrating that Ms. Gaddy or Ms. Burningham took any actions to illegally conceal their participation in the lawsuit. Civil lawsuits, such as the one Mr. Kelly complains, are matters of public record, and therefore information about the lawsuit can be readily obtained by Mr. Kelly if he so desires. Moreover, Mr. Kelly fails to cite any authority to suggest that unlawful concealment of a lawsuit is a recognized cause of action. As such, the court concludes the unlawful concealment claim must be dismissed under Rule 12(b)(6) for failure to state a claim as a matter of law.

Similarly, Mr. Kelly's claim for fraudulent deprivation of class action also must fail as a matter of law for two reasons. First, to the court's knowledge, fraudulent deprivation of class action is not a recognized cause of action. Second, even assuming *arguendo* that it is, all of Mr. Kelly's allegations supporting this claim are conclusory in nature and devoid of any facts that could plausibly support a fraud claim. Therefore, the claim must fail because it does not meet the minimum pleading requirements of Rule 8(a)(2), much less the specificity requirements for a fraud claim under Fed. R. Civ. P. 9(b). Accordingly, this claim likewise fails under Rule 12(b)(6).

## II.    Futility of Amendment

As noted above, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Because the alleged causes of action do not appear to exist in the law, the court has determined that Mr. Kelly could not provide any additional, plausible allegations that would save any of his claims from dismissal under the analysis set forth above. Accordingly, the court concludes that it would be futile to provide Mr. Kelly with an opportunity to amend his complaint.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE under the authority of the IFP Statute. 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must

file any objection to this Report and Recommendation within 14 days after being served with a

copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver

of objections upon subsequent review.

      DATED this 10th day of August 2020.

                BY THE COURT:

                _____

                JARED C. BENNETT
                United States Magistrate Judge